# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE McNABB, | 1:08-cv-00173 LJO SMS HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO NAME PROPER RESPONDENT |
| v. | |
| | [Doc. 1] |
| WARDEN, C.S.P. CORCORAN, BOARD OF PRISON TERMS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 4, 2008.

The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions

1

is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

In this case, Petitioner names the "WARDEN, C.S.P. Corcoran" and "Board of Prison Terms" as Respondents.  Although Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation, at Corcoran State Prison, Petitioner must name the actual person having day-to-day control over Petitioner, i.e. the Warden at Corcoran State Prison.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see</u>, <u>also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent.  <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

Accordingly, the Court HEREBY ORDERS:

1. Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by AMENDING the Petition to name a proper respondent within thirty (30) days of the date of service of this order.  To comply with this directive petitioner need only submit a pleading titled "Amendment to Petition" in which he amends the petition to name a proper respondent.  As noted above, that individual is the person having day to day custody over petitioner - usually the warden of the institution where he is confined.  The Amendment should be clearly and boldly captioned as such and include the case number referenced above, and be an original signed under penalty of perjury.

IT IS SO ORDERED.

**Dated:     February 21, 2008                    /s/ Sandra M. Snyder**

UNITED STATES MAGISTRATE JUDGE